IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**BRIAN SISK JOHNSON**                                      **PLAINTIFF**

**VS.**                                  **CASE NO. 2:12V00080 JLH/HDY**

**MADISON ARKANSAS, CITY OF**                       **DEFENDANT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the

   hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

 Mail your objections and "Statement of Necessity" to:

  Clerk, United States District Court
  Eastern District of Arkansas
  600 West Capitol Avenue, Suite A149
  Little Rock, AR 72201-3325

## DISPOSITION

 Brian Sisk Johnson recently filed this civil rights case against the City of Madison, Arkansas. United States District Judge J. Leon Holmes referred the case to the undersigned for recommended disposition.

 **The Complaint:** Mr. Johnson's lengthy (37 pages) complaint seems to indicate a history of citations being issued against him by the City of Madison, Arkansas. These citations typically result in fines being levied against the plaintiff, according to the complaint. The fines range from $45 to around $500, and appear to have been imposed over a five year period, beginning in September of 2005 and running through September of 2010. See pages 7-37, Complaint. In the course of the complaint, Mr. Johnson complains of various occurrences (e.g., the City of Madison refused to give him certain paperwork, refuses to give him back his driver's license, and has subpoenaed him to court for charges for which he never received a citation) but he does not specify individuals who are

to blame for these allegations, and he does not recite any relief to which he is entitled. The attachments to the complaint reflect the numerous fines received by Mr. Johnson, as well as arrest warrants against him, payment plans that have been arranged over the years, and notations showing that he has received credits toward his debt for having served time in the St. Francis County Jail.

We now address the claims of Mr. Johnson. Acknowledging that *sua sponte* dismissals are expressly disfavored, *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986), the Court, nevertheless, is satisfied that this complaint should be dismissed. It lacks an arguable basis in either law or fact, *see Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 57 L.W. 4493 (1989), and is so lacking in colorable merit that it must be considered frivolous. *See Haugen v. Sutherlin*, 804 F.2d 490 (8th Cir. 1986); *Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir. 1982). There are several shortcomings which are fatal to this complaint.

The sole defendant in this action is the City of Madison, Arkansas. However, the complaint fails to allege facts which state a cause against the named defendant. When a local government is sued under 28 U.S.C. § 1983, it does not suffice to allege injury and recite that the governmental entity is liable. Further, a local government may not be sued under section 1983 on a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). In order to establish municipal liability, plaintiff must prove a policy, practice, or custom, attributable to the municipality, and show that the policy, practice, or custom, directly caused a constitutional injury. *See Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004). Mr. Johnson does not plead or prove any policy, practice, or custom of the City of Madison that injured him.

Even if the plaintiff identified individuals who imposed the fines, or who are miscalculating the fines, the complaint should still be dismissed. It appears that the plaintiff is simply asking this Court to intervene in his state court dispute concerning his fines and payments. Such a request, however, is not proper. *See Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) (lower federal courts may not sit in review of a state court decision); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Williams v. McKenzie*, 834 F.2d 152, 153 (8th Cir.1987) (federal courts are not empowered to review state court proceedings even if a federal claim has been asserted therein); *see* 28 U.S.C. § 1257 (1988) (providing for United States Supreme Court review of state court judgments only through writ of certiorari). If plaintiff wishes to challenge the validity or calculation of his fines, he should do so in state court. To the extent that the plaintiff is seeking to litigate his state court claims in this Court, the complaint should be dismissed.

A final reason exists supporting dismissal. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed

liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).  Here, there is an absence of factual allegations against the defendant, and as a result the complaint must be dismissed.

    For the foregoing reasons, we recommend the complaint be dismissed and relief be denied.

    DATED this __12__ day of June, 2012.

                                                UNITED STATES MAGISTRATE JUDGE